UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOUIS NEAL ZEIGENBEIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2749 AGF |
| STEVE HOWELL, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Louis Neal Zeigenbein for copies of documents. In his motion, plaintiff states that he did not receive service copies of the following documents filed by defendants: (1) motion to dismiss case and suggestions in support by defendants Warren Howard and Eric Jones; and (2) motion for summary judgment and statements of uncontroverted material facts and suggestions in support by defendant Sergeant Ipoc.

Defendants Howard and Jones' motion does not contain a proper certificate of service. The document contains a certificate of service which states, "I hereby certify that . . . the above and foregoing document was served via U.S. first class mail, postage prepaid, to the following non ECF participant:" but does not list plaintiff's name.

Under this Court's Administrative Procedures for Case Management/Electronic Case Filing, whenever a document is filed electronically, the system will generate a "Notice of Electronic Filing" to the filing party and to any other party to the action who is a registered user. *See* Admin. Procedures for Case Management/Electronic Case Filing, § II.G. If the recipient is a registered user, the system's e-mailing of the Notice of Electronic Filing will constitute service pursuant to Rule 5, Federal Rules of Civil Procedure. *Id.* However, a party who is not a

registered user is entitled to service of a paper copy of any electronically filed documents. *Id.* The Administrative Procedures also detail how the paper copy is to be generated and includes a sample certificate of service in Appendix B.

The plaintiff in this action is a pro se litigant. Pro se litigants are exempt from the electronic case filing system. *Id.*, § III.A. Accordingly, plaintiff is not a registered user, and is entitled to service of a paper copy of all electronically filed documents. The certificates of service on the document filed by defendants Howard and Jones is defective because it does not indicate that a paper copy was sent to the plaintiff. Defendants Howard and Jones will be ordered to file an appropriate certificate of service and to send paper copies of all documents to the plaintiff, if they have not already done so.

Defendant Sergeant Ipoc's motion for summary judgment and statements of uncontroverted material facts and suggestions in support does include an appropriate certificate of service. However, plaintiff's address is listed on defendant Ipoc's certificate of service as "5201 S. Morley, Moberly, MO 652720 [sic]." This is not plaintiff's address for service. The Court will order defendant Sergeant Ipoc to resend his motion for summary judgment and statement of uncontroverted material facts, and all exhibits thereto, to plaintiff at Moberly Correctional Center, P.O. Box 7, Moberly, Missouri 65270.

Because plaintiff has not been served with defendants' motions, his time to respond to the motions has not yet begun. *See* Local Rule 4.01(B) ("parties opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum . . . in opposition"); Local Rule 4.01(F) ("A party opposing a motion for summary judgment . . . shall file a memorandum [in opposition] . . . twenty-one (21) days after being served with the motion"). Therefore, plaintiff's time to respond to the motions will be calculated from the time he is served with defendants' motions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for copies of documents is **GRANTED**. [ECF No. 21]

**IT IS FURTHER ORDERED** that within three (3) days of the date of this Order, defendants Warren Howard and Eric Jones shall file a certificate of service which shall indicate that paper copies of all documents they filed in this case were sent to plaintiff, and shall state the date of mailing of the paper copies.

**IT IS FURTHER ORDERED** that in the future, defendants Warren Howard and Eric Jones shall include on all documents electronically filed an appropriate certificate of service as set forth in the Administrative Procedures for Case Management/Electronic Case Filing, and shall send paper copies of all filed documents to the plaintiff.

**IT IS FURTHER ORDERED** that defendant Sergeant Ipoc shall send to plaintiff a copy of his motion for summary judgment and statements of uncontroverted material facts and suggestions in support, along with the attached exhibits to: Louis Zeigenbien, Inmate No. 116778, Moberly Correctional Center, P.O. Box 7, Moberly, Missouri 65270.

**IT IS FURTHER ORDERED** that under Local Rule 4.01(B) and (F), plaintiff shall have seven (7) days after being served with defendants Warren Howard and Eric Jones' motion to dismiss to file a memorandum in opposition to the motion to dismiss; and plaintiff shall have twenty-one (21) days after being served with defendant Ipoc's motion for summary judgment to file a memorandum in opposition to the motion for summary judgment.

Dated this 6th day of July, 2018.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE