# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOUIS NEAL ZEIGENBEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-2749 AGF |
| ) | |
| STEVE HOWELL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Eric Jones and Warren Howard's motion dismiss for failure to state a claim, defendant Sergeant Ipoc's motion for summary judgment, and several miscellaneous motions brought by plaintiff. The matters are fully briefed and ready for decision. For the following reasons, the Court will deny defendants Jones and Howard's motion to dismiss, grant Sergeant Ipoc's motion for summary judgment, and deny plaintiff's miscellaneous motions.

## I. Background

Plaintiff, a prisoner currently housed at Moberly Correctional Center ("MCC"), brings this action under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights, alleging defendants Jones and Howard failed to protect him from substantial risk of serious harm. Plaintiff alleges that while he was working as a carpentry helper in the Missouri Vocational Enterprises program at South Central Correctional Center ("SCCC"), his supervisors, defendants Jones and Howard, directed him to clean the belt of a Timesaver sanding machine in an unsafe manner and threatened him with time in solitary confinement if he refused. While cleaning the sanding belt as directed,

plaintiff's hand was caught in the moving belt and severely injured. Plaintiff has undergone multiple surgeries, but his injuries are permanent and he continues to experience pain.

While still incarcerated at SCCC, plaintiff gave all his legal evidence related to this case to a fellow inmate practicing law, Ace Wilkens. After plaintiff was transferred to MCC, Mr. Wilkens was placed in segregation. When Mr. Wilkens was released from segregation, plaintiff states defendant Sergeant Ipoc, Property Room Sergeant at SCCC, would not allow Wilkens to have access to any legal property, including plaintiff's legal file. Plaintiff brings his claims against Sergeant Ipoc for infringing his right of access to the courts.

Defendants Jones and Howard move to dismiss for failure to state a claim, assert qualified immunity, and move to dismiss plaintiff's claims for injunctive relief. Defendant Sergeant Ipoc moves for summary judgment, stating that plaintiff failed to properly exhaust his administrative remedies.

## II.     Legal Standards

A.     Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillards, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted). "A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." *Id.* (quotations and citation omitted). "While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Id.* (quotations and citations omitted).

B.     Summary Judgment

Rule 56(c) provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. Discussion

#### A. Defendants Jones and Howard's Motion to Dismiss

Defendants Jones and Howard move to dismiss plaintiff's complaint on the basis that plaintiff=s claims against them fail to state a claim upon which relief can be granted, and that they

are entitled to qualified immunity. Defendants also seek dismissal of plaintiff's claim for injunctive relief. The Court will address each argument separately.

*1. Failure to State a Claim*

"The Eighth Amendment's prohibition against cruel and unusual punishment applies to conditions of confinement, and prison work assignments fall under the ambit of conditions of confinement." *Ambrose v. Young*, 474 F.3d 1070, 1075 (8th Cir. 2007). Where, as here, a prisoner is challenging prison conditions, he must prove defendants acted with deliberate indifference. "In the work assignment context, prison officials are deliberately indifferent when they 'knowingly . . . compel convicts to perform physical labor . . . which is beyond their strength, or which constitutes a danger to their . . . health, or which is unduly painful.'" *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993) (quoting *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977)); *see also Neal v. St. Louis Cty. Bd. of Police Comm'rs*, 217 F.3d 955, 958 (8th Cir. 2000) (holding "in rapidly evolving, fluid, and dangerous situations which preclude the luxury of calm and reflective deliberation, [an official]'s action will shock the conscience only if the [official] intended to cause harm," whereas, when an official "is afforded a reasonable opportunity to deliberate . . . the chosen action will be deemed 'conscience shocking' if the action was taken with 'deliberate indifference'").

In his motion to dismiss, defendant Howard argues that plaintiff's case must be dismissed because he cannot make the requite showing that Howard acted with deliberate indifference when he ordered plaintiff to clean the Timesaver sanding machine in an unsafe manner. For support, defendant cites *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993), a case in which an inmate assigned to a construction crew fell off the roof of a garage he was building. In *Choate*, the plaintiff, Mr. Choate, brought a § 1983 case alleging the defendant prison officials violated his

Eighth Amendment right to be free from cruel and unusual punishment by making him work on a dangerous roofing job.

As it happened, Mr. Choate had an artificial knee cap in his right knee, and he repeatedly complained to the prison doctor about his construction work assignment because of his knee problems. But he never communicated any of his complaints to defendants, who were his supervisors on the construction site. On the day of his injury, Mr. Choate was working on the roof of a garage when he slipped on sawdust and fell off the roof onto the concrete below, sustaining injuries to his feet and ankles.

The district court granted summary judgment in favor of plaintiff Choate, and the Eighth Circuit reversed. The Eighth Circuit concluded that defendants' conduct did not rise to the level of deliberate indifference. Importantly, the Court found none of the defendant supervisors knew or should have known of Mr. Choate's various physical limitations, including that he experienced pain, weakness, and poor balance because of his knee problems. "[T]here is simply no evidence that [defendants] should have known that Choate had an artificial knee cap; that he could not lift, bend or squat for prolonged periods; that he had a restricted medical classification; that he had made repeated requests to a prison doctor to remove him from construction duty because of his knee problems." The Eighth Circuit found the evidence did not "even approach the requirement that the site supervisors acted with deliberate indifference." *Id.* at 1375.

Here, unlike *Choate*, plaintiff was ordered by his prison official supervisor to perform an inherently unsafe task—cleaning the belt of a wide belt sander by overriding the safety, opening the back door, and using an improper cleaning block on a moving belt. This method of cleaning the sander was so dangerous that the manufacturer of the machine placed a warning label and a safety switch on the machine to prevent users from attempting it. Although defendants state

"neither of [plaintiff's] allegations demonstrate that [Howard] knew of the substantial risk of harm posed by the time saver," this is untrue. Plaintiff alleges he explicitly told Howard of the substantial risk of harm. Plaintiff said to Howard, "No, you are having me [] do something that goes against what is taught, you do not put your hands near moving belts[.] [T]he warning signs on the machine reads 'DO NOT PUT YOUR HANDS NEAR MOVING BELTS AND DO NOT OPERATE MACHINE WITH THE DOOR OPEN.'" Even had plaintiff not explicitly told Howard of the risk of harm, there was a warning label on the machine, and if the warning was not heeded, there was a safety switch that had to be overridden to allow plaintiff to open the back door with the belt moving.

According to plaintiff, Howard ignored plaintiff's refusal, ignored the manufacturer's warning label, overrode the safety switch, and forced plaintiff under duress to clean the moving belt of the belt sander. Unlike defendant prison officials in *Choate*, who had no knowledge of Mr. Choate's knee problems and the risks posed to him by roof work, here Howard knew of the substantial risk posed to plaintiff's safety and deliberately disregarded these risks. The Court will deny defendants Howard and Jones' motion to dismiss for failure to state a claim.

    2.    *Defendant Jones*

Defendant Jones, the floor manager at the Missouri Vocational Enterprises carpentry program, states that plaintiff's case should be dismissed as to him because plaintiff's only allegation against him is that he drafted the interoffice memorandum stating that plaintiff would clean the Timesaver machine against the manufacturer's recommendations. Jones states that "[t]his lone action fails to establish that defendant Jones knew that Plaintiff was incarcerated under conditions creating a substantial risk of harm and that Jones knew of and deliberately disregarded that risk."

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Plaintiff's declaratory statement, attached to his complaint, states that both Jones and Howard wanted plaintiff "to run the [Timesaver] due to excess money being spent on sanding belts."[1] ECF No. 1-2 at 1. After Howard instructed plaintiff how the sander was to be cleaned, plaintiff alleges Jones wrote the interoffice communication stating that plaintiff would clean the belt in the unsafe manner, against the manufacturer's specifications. Viewed in the light most favorable to plaintiff, the Court finds that defendant Jones was personally involved in the decision to have plaintiff clean the Timesaver belt by overriding the safety and using the block cleaner on the moving belt. As alleged by plaintiff, Jones knew of and approved of plaintiff cleaning the Timesaver sanding belt in this manner. The Court will deny defendant Jones' motion to dismiss on this ground.

   *3. Qualified Immunity*

Qualified immunity protects government officials from liability under 42 U.S.C. § 1983, but not if their conduct "violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 527 (8th Cir. 2009) (en banc) (quotation omitted); *see Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). The tests for whether an officer is entitled to qualified immunity are: (1) whether the facts alleged, taken in the light most

---

[1] Plaintiff's declaratory statement is part of plaintiff's complaint for all purposes. Fed. R. Civ. P. 10(c).

favorable to the injured party, show that the officer's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the deprivation so that a reasonable officer would understand his conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

As discussed in Part III.A.1, *supra*, the Court finds that the facts alleged, viewed in the light most favorable to plaintiff, show that defendants Howard and Jones were deliberately indifferent to plaintiff's safety when they forced him to override the Timesaver sanding belt's safety switch and clean the moving belt using an improperly sized cleaning block. Plaintiff's Eighth Amendment rights to be free of cruel and unusual punishment were clearly established at this time and a reasonable officer would have understood defendants' conduct was unlawful. Based on the allegations of the complaint, the Court will deny defendants' motion to dismiss on qualified immunity grounds. If, after discovery, defendants seek to renew their qualified immunity argument, the Court will address the issue on summary judgment.

### 4. *Injunctive Relief*

For injunctive relief, plaintiffs seeks the necessary medical services of a pain mitigating specialist, orthopedic surgeon, and physical therapist as prescribed. In their motion to dismiss, defendants state this injunctive relief is unavailable because plaintiff has not shown an irreparable injury. Defendant also states that injunctive relief regarding transfer (which plaintiff has not sought) is improper.

"[F]or an injunction to issue a right must be violated and [] the court must determine whether a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Goff v. Harper*, 60 F.3d 518, 521 (8th Cir. 1995) (internal quotations omitted). Again, viewed in the light most favorable to plaintiff, he has alleged an irreparable injury if he

does not receive proper medical treatment. He states he is currently being denied appropriate medication, access to an orthopedic surgeon, and physical therapy. "Nearly all health care has stopped since Dr. Ruanne Stamps became the head doctor at MCC." The Court finds that plaintiff has a stated a plausible claim for injunctive relief, and will deny defendants' motion to dismiss on this ground.

B.  Defendant Sergeant Ipoc's Motion for Summary Judgment

Defendant Sergeant Ipoc moves for summary judgment on the complaint on the basis that plaintiff failed to properly exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under § 1983 "until such administrative remedies as are available are exhausted." "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)).

Sergeant Ipoc states that plaintiff failed to properly exhaust his administrative remedies because although he filed two grievances at SCCC regarding the allegations made in his complaint, these grievances do not contain any facts regarding Sergeant Ipoc and the alleged deprivation of property. Plaintiff does not dispute that he has not filed a grievance against Sergeant Ipoc regarding his taking of plaintiff's legal paperwork, which was in the possession of offender Ace Wilkens. Plaintiff states that he learned Sergeant Ipoc refused to return plaintiff's paperwork to Wilkens through offender Schnick at SCCC. When offender Schnick talked to the legal department at SCCC, Schnick was told plaintiff would have to file a complaint. Plaintiff has not filed a complaint.

As a result, Sergeant Ipoc has shown that he is entitled to summary judgment on the issue of plaintiff's failure to exhaust administrative remedies.

C.      Plaintiff's Motions to Supplement and to Accept Relevant Evidence

Plaintiff has filed a motion to supplement his complaint to add more recent factual allegations (ECF No. 17). The Court does not accept amendments to the complaint by interlineation, because it creates confusion in the record. If plaintiff wishes to add facts to his complaint, the proper procedure is to file a motion for leave to amend his complaint, attaching to the motion the proposed amended complaint. Because plaintiff's motion to supplement seeks to amend his complaint through interlineation, the Court will deny plaintiff's motion to supplement.

Also, plaintiff has filed two motions to accept relevant evidence (ECF Nos. 25 and 30). This evidence includes his IRR file, documents concerning his conduct violation, a timeline of his continuing medical complaints, and his medical history. These documents are relevant to the case and should be produced during discovery. These documents will likely be filed as exhibits to future motions, and used at trial. There is no mechanism under the Federal Rules of Civil Procedure, however, whereby the Court can accept this evidence into the record at this point in the proceedings. The Court will deny plaintiffs' motions to supplement the record without prejudice.

D.      Plaintiff's Motion for Appointment of Counsel

Finally, plaintiff has renewed his motion for appointment of counsel. As the Court stated in its initial order, the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time. Plaintiff has shown the Court that he is capable of adequately preparing and presenting his factual and legal arguments to the Court. The Court will deny plaintiff's motion to appoint counsel without prejudice to refiling later in the case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Sergeant Ipoc's motion for summary judgment is **GRANTED**. [ECF No. 14]

**IT IS FURTHER ORDERED** that defendants Warren Howard and Eric Jones' Motion to Dismiss is **DENIED**. [ECF No. 13]

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement and motions to accept relevant evidence are **DENIED**. [ECF Nos. 17, 25, 30]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 19]

A partial judgment will accompany this memorandum and order.

The Court is also entering a separate case management order today.

Dated this 31st day of August, 2018.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE